

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00316-CR

_____

## EX PARTE JAMES KEVIN KELCH

_____

### From the 249th District Court
### Johnson County, Texas
### Trial Court No. F33975-C

_____

## MEMORANDUM OPINION

_____

James Kelch appeals from the denial of an application for a writ of habeas corpus that challenged the extension of his deferred adjudication community supervision for a period of five years. TEX. CODE CRIM. PROC. ANN. art. 11.072; 42.12, § 22A(b) (West 2005; Supp. 2012). Kelch was originally sentenced to concurrent terms of twelve years in prison on two counts of aggravated sexual assault of a child and ten years of deferred adjudication community supervision on an indecency with a child count. The State filed a motion to extend Kelch's community supervision just prior to the expiration of the ten years of Kelch's community supervision and the trial court extended Kelch's community supervision for five years prior to that expiration in an agreed order signed

by Kelch. Kelch filed an application for a writ of habeas corpus in the trial court which was denied. In that application and in his sole issue before this Court, Kelch complains that the trial court lacked jurisdiction to extend his community supervision because the original sentence was unlawful in that the trial court was without authority to sentence Kelch to community supervision because of the nature of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g (West Supp. 2012). Because the trial court did not have the legal authority to sentence Kelch to community supervision Kelch contends that the trial court was also without jurisdiction to extend that community supervision.

The State argues that Kelch was not sentenced to community supervision in violation of article 42.12, section 3g of the Code of Criminal Procedure but was sentenced to deferred adjudication community supervision, which may properly be imposed pursuant to section 5 of article 42.12. Based on our review of the record, we agree with the State. Kelch was originally sentenced to deferred adjudication community supervision, which was not an unlawful sentence. The probation was properly extended prior to its expiration. The trial court did not err by denying Kelch's application for a writ of habeas corpus. We overrule Kelch's sole issue.

*Conclusion*

Having found no error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed January 10, 2013
Do not publish
[CR25]